IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WOODBURCK NOE, | ] |
| Petitioner, | ] |
| vs. | ] 5:10-cv-2171-WMA-RRA |
| RICHARD ALLEN, ET AL., | ] |
| Respondents. | ] |

## MEMORANDUM OPINION

This is a habeas corpus petition. The magistrate judge entered a report and recommendation, recommending that the action be dismissed because it is a successive petition and the petitioner has not obtained the required authorization from the Eleventh Circuit Court of Appeals to file a successive petition in this court. Objections have been filed.

In his objections, Noe argues that:

Hon. Armstrong's document is misleading being it claims a one-year statute of limitations, but I filed the habeas request 8.10.10 after the last adverse ruling of the highest state court issued 2.17.10; misleading, and questionable information is contained in Hon. Armstrong's recommendation, and in the court's record such as inclusion of a Case No. CV-09-P-1725-S RRA.

*Petitioner's Objections*, Court Document 8 at 2. First, the court notes that the magistrate judge recommended that the petition be dismissed "pursuant to 28 U.S.C. § 2244(b)(3)(A), which requires a petitioner filing a second or successive petition to obtain an order from the court of appeals, authorizing the district court to consider the petition." *Magistrate Judge's*

*Report and Recommendation*, Court Document 7 at 3.[1] Although the magistrate judge stated in a footnote that "[t]he petitioner should note, however, that even if he obtains the necessary permission from the Eleventh Circuit Court of Appeals to file a successive petition, his petition could be barred by the one-year statute of limitations created by the AEDPA," he made no factual finding as to the timeliness of the petition.

Noe also contends that the report and recommendation was "misleading" and contained "questionable information." Specifically, he references the "inclusion of a Case No. CV-09-P-1725-S" in the recommendation. CV-09-P-1725-S was a § 1983 action filed by Noe in this court on August 28, 2009. *Noe v. Transfer Agent No. 1, et al.*, 2:09-cv-1725-RDP-RRA. That case was dismissed on October 13, 2009, after Noe failed to pay the required filing fee. This case has no bearing on the current habeas petition and it was not mentioned in the magistrate judge's report and recommendation.

Noe further argues in his objections that "according to law I am innocent, and due process must be provided." *Petitioner's Objections*, Court Document 8 at 1. However, the petitioner's failure to obtain authorization from the Eleventh Circuit Court of Appeals to file a successive petition operates as a jurisdictional bar that precludes this court's consideration of the merits of his petition, regardless of his claims. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). The petitioner should present his actual innocence argument to the appellate court in an application for authorization to file a successive petition in this

---

[1] The court noted that Noe had challenged his September, 1987 murder conviction in two prior petitions filed in this court. Noe's first petition was denied and dismissed with prejudice on March 24, 1997. *Noe v. DeLoach*, CV-96-C-782-NE. His second petition was found to be successive, and was dismissed without prejudice on March 1, 2004, to allow Noe to obtain authorization from the Eleventh Circuit Court of Appeals to file a successive petition in this court. *Noe v. Thomas*, CV-02-H-0928-NE.

court. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)("before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3)."). Because Noe has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive petition, this court lacks jurisdiction over the petition and it must be dismissed.

The court has considered the entire file in this action, including the report and recommendation and the petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed, without prejudice, to allow the petitioner to obtain authorization from the Eleventh Circuit Court of Appeals to file a successive petition in this court. An appropriate order will be entered.

Done this 8th day of September, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE